IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MURRAY HALL, III, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 23-284-GBW |
| | : |
| DR. GAMEZ, | : |
| | : |
| Defendants. | : |

Murray Hall, III, Fishkill Correctional Facility, Beacon, NY – *Pro se* Plaintiff

Brett Thomas Norton, Dawn C. Doherty, and Georgia Catherine Pham, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware – Counsel for Defendants Dr. Gamez, Dr. May, and Christina Russell

**MEMORANDUM OPINION**

March 18, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On March 16, 2023, Plaintiff Murray Hall, III, an inmate formerly located at Sussex Correctional Institution (SCI) in Georgetown, Delaware, initiated this civil action *pro se* against Defendants Dr. Gamez, Dr. May, and Christina Russell, RN. (D.I. 1-4.) The Complaint is the operative pleading. (D.I. 3.) Now pending before the Court is Defendants' motion to dismiss the Complaint (D.I. 20.) and eight motions filed by Plaintiff (D.I. 19, 26, 32, 34, 35, 40, 42, 43). For the reasons explained below, the Court grants Defendants' motion to dismiss (D.I. 20), denies four of Plaintiff's other pending motions (D.I. 19; D.I. 26; D.I. 34; D.I. 35), and grants Plaintiff's four pending motions seeking the appointment of counsel (D.I. 32; D.I. 40; D.I. 42; D.I. 43).

## II. BACKGROUND

The Complaint asserts civil rights claims, pursuant to 18 U.S.C. § 1983, involving medical negligence, unnecessary and wanton infliction of pain, and cruel and unusual punishment in violation of the Eighth Amendment, by Defendants at SCI between September 2021 and January 2023. (D.I. 3 at 5.) According to the Complaint, on September 3, 2021, Plaintiff's neck swelled on the right side "to the point w[h]ere eating and breathing became a challenge." (*Id.*) When Plaintiff asked for immediate medical attention, he was told to submit a sick call slip. (*Id.*)

1

Plaintiff did as he was instructed, and he was seen by a nurse on September 7, 2021, who then contacted Defendant Gamez. (*Id.*)

Plaintiff was told that Defendant Gamez would see Plaintiff that day, but he did not see Plaintiff until two days later. (*Id.*) Defendant Gamez prescribed Plaintiff antibiotics for five days and ordered an outside consult with an Ear, Nose, and Throat (ENT) specialist, but Plaintiff was not seen by a specialist. (*Id.*) Despite the antibiotics that Defendant Gamez prescribed, Plaintiff's "infection progress[ed]" and caused "yellowish pus oozing from [his] sal[ivary] gland." (*Id.*)

Plaintiff continued to submit sick call slips, but he was not treated again until he filed a grievance on July 28, 2022. (*Id.* at 5-6.) Then, on November 21, 2022, Plaintiff was seen by an ENT specialist for the first time. (*Id.* at 6.) The ENT specialist prescribed Plaintiff "a strong antibiotic to be given four times a day." (*Id.*) Yet SCI medical staff changed Plaintiff's treatment plan and administered the antibiotic three times per day, which Plaintiff believes compromised the efficacy of the treatment plan. (*Id.*)

During a follow up appointment, the ENT specialist told Plaintiff that SCI medical staff should not have changed Plaintiff's treatment plan because administering the antibiotic four times per day was appropriate for someone of Plaintiff's size. (*Id.*) The ENT specialist then told Plaintiff that the three-antibiotics-per-day treatment had not been effective, and Plaintiff's salivary

2

gland would need to be removed. (*Id.*) This decision was made on January 27, 2023. (*Id.*) At the time that the Complaint was filed, Plaintiff was awaiting surgery.¹ (*Id.*)

The Complaint alleges that, due to the failure of Defendant Gamez, and other members of the SCI medical staff, to follow up with Plaintiff after antibiotics were initially prescribed in September 2021, and the medical staff's failure to give Plaintiff more antibiotics, Plaintiff needed to have his salivary gland surgically removed. (*Id.*) The Complaint alleges, but does not specify, the involvement of Defendants May and Russell.² (*Id.*) Based on the foregoing, Plaintiff seeks compensatory and punitive damages. (*Id.* at 8.) The Complaint states that Plaintiff exhausted all administrative remedies for the claims asserted. (*Id.*)

---

¹ Plaintiff's April 23, 2024 response in opposition to Defendants' motion to dismiss indicates that, since filing the Complaint, Plaintiff has had at least two surgeries related to his salivary gland infection. (D.I. 25 at 6.)

² Supporting documents submitted by Plaintiff reflect that Defendant Russell was one of the grievance committee members who denied the July 28, 2022 grievance in which Plaintiff complained of "pus coming out of [his] gland for over a year" and requested to be "taken to a[n] outside hospital." (D.I. 3-1 at 2, 3, 6.)

Plaintiff's response in opposition to Defendants' motion to dismiss alleges that Defendant May was Plaintiff's primary care physician, she did not prescribe Plaintiff antibiotics, and at some point, she placed a dental referral for Plaintiff, even though "pus exuding from [a] salivary gland[ ]is clearly not a medical condition a dentist can professional[ly] diagnos[e]." (D.I. 25 at 6.)

As discussed below, Plaintiff will be given leave to amend the Complaint to include and elaborate upon the foregoing.

3

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

At the threshold, the Court will deny Plaintiff's motion for default against Defendants. (D.I. 19.) The entry of default judgment is a two-step process. *See* FED. R. CIV. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. FED. R. CIV. P. 55(a). Even when default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the Court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Here, a request for default judgment is premature, because the Clerk of Court has not entered default against Defendants. Were it not premature, the Court in its discretion would still deny the request because Defendants moved to dismiss

the Complaint three days after their deadline to answer the Complaint or otherwise defend. (*See* D.I. 20.)

The Court will also deny Plaintiff's motion to amend Order. (D.I. 26.) Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff moves to amend the Court Order granting Defendants an extension of time to file their answer to the Complaint. (*See* D.I. 23.) A Rule 59(e) motion to alter or amend a final judgment "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Order granting extension is not a final judgment, and Plaintiff has presented no change in law, new evidence, or clear error of law or fact in support of his motion. Furthermore, the Court otherwise finds no salient basis for reconsideration of its Order granting extension. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Accordingly, the Court will deny Plaintiff's motion to amend the Order. (D.I. 26.)

Turning now to Defendants' motion to dismiss (D.I. 20), with the benefit of adversarial briefing, the Court concludes that the Complaint (D.I. 3) fails to state a claim upon which relief can be granted. Accordingly, Federal Rule of Civil Procedure 12(b)(6) warrants dismissal of this action. Plaintiff will be given leave

to amend the Complaint.

Liberally construed, the Complaint attempts to assert that SCI medical staff delayed treatment for Plaintiff's infected salivary gland and denied him necessary medical care, which allowed the condition to worsen, caused Plaintiff an unreasonable amount of unnecessary pain, and resulted in Plaintiff requiring and awaiting surgery. (*See* D.I. 3.) With sufficient supporting facts, such allegations could state an Eighth Amendment claim sufficient to survive a motion to dismiss. *See, e.g., Abdush-Shahid v. Coughlin*, 933 F. Supp. 168, 180 (N.D.N.Y. 1996) (denying summary judgment for Eighth Amendment claims where inmate plaintiff waited almost three years for surgery to remove a salivary gland stone.)

Yet in this case, the Complaint makes no mention of Defendants May and Russell, and it merely alleges that Defendant Gamez prescribed Plaintiff antibiotics and referred him to an ENT specialist six days after Plaintiff first reported swelling in his neck. (D.I. 3 at 5.) The Complaint does not allege that Defendant Gamez bore further responsibility for Plaintiff's care, and it does not discuss Defendants May and Russell at all. Without more, the Complaint fails to state an Eighth Amendment claim against the three named Defendants.

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). The Complaint must

7

allege specific, personal involvement of each Defendant in the alleged wrong. Further, to establish an Eighth Amendment claim for denial of medical care, a prisoner must prove "deliberate indifference" to a "serious medical need."[3] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (internal quotation marks omitted). Establishing "deliberate indifference" requires more than simple negligence or medical malpractice; a defendant must exhibit disregard of a known and excessive risk to the prisoner's health or safety. *See id.* Furthermore, a "serious medical need" arises when an inmate's condition is "such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death."[4] *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Plaintiff will be given an opportunity to file an Amended Complaint remedying the deficiencies discussed above. If Plaintiff chooses to file an

---

[3] A § 1983 claim alleging violation of Eighth Amendment rights always requires proof of two elements: (1) that the deprivation alleged is "objectively sufficiently serious," such that the plaintiff was denied "the minimal civilized measure of life's necessities," and (2) that the defendant official possessed a "sufficiently culpable state of mind" associated with "the unnecessary and wanton infliction of pain." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

[4] The seriousness of a medical need may be demonstrated by showing that the need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (quotation omitted). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*

Amended Complaint, it will wholly replace the Complaint (D.I. 3), and Plaintiff may not add any new claims. Plaintiff may only amend the allegations in the Complaint, and possibly the parties named as Defendants, to remedy the above-discussed deficiencies. Plaintiff is advised that filing an Amended Complaint that fails to remedy the above-discussed deficiencies may result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file an Amended Complaint, and instead takes no further action, the Complaint (D.I. 3) will be dismissed without prejudice and this case will be closed.

In light of the foregoing, Plaintiff's remaining motions for Orders compelling medical expert testimony and a response by Defendants to Plaintiff's request for production of documents will be denied, without prejudice, as premature. (D.I. 34; D.I. 35.) Finally, Plaintiff's four pending requests for counsel will be granted because of the legal issues, factual investigation, and expert evidence involved in the case presented, Plaintiff's inability to either retain counsel or adequately present the case on his own thus far, and, the fact that Plaintiff has been transferred to an out-of-state facility, where inmate law library access has been paused for an indefinite, or unknown, period due to a recent correctional officer strike.[5] (D.I. 32;

---

[5] A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel, *see Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), but the Court has discretion to request counsel for indigent civil litigants, *see* 28 U.S.C. 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).

9

D.I. 40; D.I. 42; D.I. 43.)

## V. CONCLUSION

For the reasons discussed, the Court grants Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (D.I. 20.) The Court will give Plaintiff an opportunity to amend the Complaint. (D.I. 3.) Plaintiff's requests for counsel will also be granted. (D.I. 32; D.I. 40; D.I. 42; D.I. 43.) Plaintiff's motions for default against Defendants, and to amend the Order that Defendants an extension of time to file their answer to the Complaint, will be denied. (D.I. 19; D.I. 26.) Plaintiff's motions to compel expert testimony and discovery response will be denied without prejudice, as premature. (D.I. 34; D.I. 35.)

An appropriate Order will be entered.

---

Factors to be considered when assessing a request for counsel include: (1) Plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue investigation; (4) Plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. *See Pinchak*, 294 F.3d at 498 99; *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, and no single factor is determinative. *Tabron*, 6 F.3d at 157.